# IN THE UNITED STATES DISTRICT COURT FOR THE OF MARYLAND
## (NORTHERN DIVISION)

| | |
|---|---|
| KURLINE ALTES<br>3906 Noyes Circle<br>Apartment 204<br>Randallstown, Maryland 21133<br><br>    *Plaintiff*,<br><br>  v.<br><br>THE PRIDE CENTER OF MARYLAND, INC.<br>2418 Saint Paul Street<br>Baltimore, Maryland 21218<br><br>  Serve:<br>  Merrick Moses Moise<br>  2103 Druid Hill Avenue<br>  Baltimore, Maryland 21217<br><br>DR. CLEO MANAGO<br>2418 Saint Paul Street<br>Baltimore, Maryland 21218<br><br>    *Defendant*. | Civil Action No.:   1:23-cv-1033 |

## COMPLAINT

Kurline Altes ("Plaintiff") brings this action against Defendants, The Pride Center of Maryland, Inc. ("PCOM") and Cleo Manago ("Manago"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff is an adult resident of Randallstown Maryland and is a former employee of PCOM. Plaintiff began her employment with PCOM on Tuesday, January 24, 2023 and was terminated on Wednesday April 12, 2023. When Plaintiff began her employment with PCOM and throughout her employment, she had multiple roles. Her formal title was Case Manager and one of her roles was Case Manager. But Plaintiff had two additional roles. She was also Lead Case Manager, which was a supervisory role, and Volunteer Manager for the Baltimore Pride Festival, which was held every year in June. In order to complete her assigned tasks for these three roles, Plaintiff needed to work in excess of 40 hours in a work week.

2. On a regular and recurring basis while employed by PCOM, Plaintiff was engaged in commerce within the meaning of 29 U.S.C. §207(a) of the FLSA for the following reasons: (a) on at least two occasions during her employment with PCOM Plaintiff crossed state lines by travelling to Howard University in the District of Columbia to distribute flyers to students advertising the Baltimore Pride Festival; (b) Plaintiff had weekly virtual meetings on Thursdays which included a Baltimore Pride Festival volunteer (Carmela DeCastro) who was located in New Jersey; (c) Plaintiff sent emails and text messages multiple times per week to Carmela DeCastro who resided in New Jersey; and (d) on multiple occasions, by email and telephone, Plaintiff solicited donations from out-of-state donors (also called sponsors) for the Baltimore Pride Festival.

3. PCOM is a not-for-profit corporation formed under the laws of the State of Maryland. It was Plaintiff's employer within the meaning of the FLSA, the MWLH and the MWPCL because, through its agents and officers, it employed the Plaintiff directly, it hired her, it set her rate of pay, it set the terms and conditions of her employment, it set her schedule, it directed

her in the performance of her work, it assigned her work, it maintained her employment records, it paid her wages and it hired and fired her.

4. PCOM is an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it has: (1) employees engaged in the handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). In addition, PCOM receives grants from several public agencies to provide testing for Acquired Immune Deficiency Syndrome ("AIDS") and for substance abuse counseling. Those agencies include the Baltimore City Department of Health, the United States Department of Health and Human Services, Substance Abuse and Mental Health Services Administration and the Center for Disease Control. The grant funded services which PCOM performs are deemed to be business activities because they are performed in connection with public agencies. *See* 29 U.S.C. §203(r)(1) ("For purposes of paragraph (1), the activities performed by any person or persons . . . in connection with the activities of a public agency, shall be deemed to be activities performed for a business purpose").

5. Manago is the Chief Executive Officer of PCOM. He is an employer of Plaintiff within the meaning of the FLSA, the MWHL, the MWPCL because he is a corporate officer who is significantly involved in PCOM's operations. Specifically, (1) he is responsible for creating and enforcing, through lower-level managers, PCOM's policies and procedures governing employee pay and benefits, (2) he set and approved the unlawful manner in which Plaintiff was paid and her misclassification as an independent contractor, (3) he had authority to hire, fire and discipline Plaintiff and he made the decision to hire her and to terminate her employment, (4) he supervised

Plaintiff, (5) he made or approved the decision to engage in the illegal pay practices that are the subject of this law suit, and (6) he maintained Plaintiff's employment records.

## JURISDICTION

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims involve federal questions, and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over PCOM and Manago because they conduct business in the State of Maryland and all of the events giving rise to Plaintiff's claims occurred in Maryland.

## STATEMENT OF FACTS

8. Throughout Plaintiff's employment with PCOM, it misclassified Plaintiff as an independent contractor. Plaintiff was actually an employee of PCOM within the meaning of the FLSA, the MWHL and the MWPCL.

9. Plaintiff was paid on an hourly basis at the rate of $25 per hour. During her employment with PCOM, Plaintiff estimates that she worked anywhere between 55 and 65 hours per week. The PCOM managers, including Manago and Plaintiff's supervisors, had actual or constructive knowledge that Plaintiff was working beyond her core hours and more than 40 hours in a workweek. Yet PCOM only paid Plaintiff for 40 hours per week. It not only failed to pay Plaintiff an overtime premium for her overtime hours, but it did not pay her anything at all for any additional hours over 40 which she worked in a single work week. Therefore, Defendants violated the FLSA, the MWHL and the MWPCL.

10. Plaintiff's duties as Case Manager and Lead Case Manager included the following: providing case management services for the clinic (Amassi Health and Cultural Center), conducting assessments, connecting clients with resources and medical referrals, conducting follow-ups with clients, updating client data in PCOM's database, reviewing and submitting reports from Johns Hopkins to PCOM management, and supervising the clinic staff. Plaintiff performed some of this work on site and some of it virtually. When the clinic services were temporarily suspended due to renovations of the clinic facility, Plaintiff's work at and for the clinic continued, as she continued to contact clients, continued to follow up with them, continued to enter data in the database and drafted policies and procedures for the running of the clinic. She also took part in reviewing, inspecting and reporting on the renovations.

11. Plaintiff's duties as Volunteer Manager of the Baltimore Pride Festival included the following: creating a manual for the festival volunteers, the recruitment and onboarding of volunteers, attending the weekly Pride Planning Committee, which took place on Wednesday evenings, and conducting weekly training sessions on Thursdays with Festival volunteers.

12. With regard to her Case Manager and Lead Case Manager roles, Plaintiff reported directly to Kaye Love, who was the Senior Director of Programing and Compliance and then to Ursula Franklin, Program Manager.

13. With regard to Plaintiff's role as a Volunteer Manager of the Pride Festival, Plaintiff reported to Tramour Wilson, who was the Senior Director of Advocacy and Community Engagement.

14. Plaintiff's core work hours were from 9:00 a.m. to 5:00 p.m. In addition to those core hours, Plaintiff often worked past 5:00 p.m. and she often performed work on weekends. Also,

on many occasions, Plaintiff would begin work earlier than 9:00 a.m. Plaintiff never took a lunch break.

15. All of Plaintiff's managers and/or supervisors, including Manago, had actual or constructive knowledge that she was working beyond core hours and in excess of 40 hours in a workweek.

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

16. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

17. Plaintiff was paid on an hourly basis and therefore, did not fall within any of the exempt categories.

18. At all times relevant to this Complaint PCOM and Manago were Plaintiff's "employer[s]" within the meaning of the FLSA.

19. At all times relevant to this Complaint, Plaintiff was an "employee" of PCOM and Manago within the meaning of the FLSA.

20. At all times relevant to the Complaint, PCOM was an enterprise engaged in commerce within the meaning of the FLSA and therefore PCOM had enterprise coverage under the FLSA.

21. At all times relevant to the Complaint, Plaintiff was engaged in commerce within the meaning of the FLSA and therefore had individual coverage under the FLSA.

22. PCOM and Manago did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

23. PCOM and Manago violated the FLSA by failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked in a work week and by failing to pay her anything at all for her work hours above 40 in a single week.

24. Plaintiff is not able to calculate her damages because she is not in possession of any time records, payroll records or other records that would indicate the precise number of hours that she worked in the various work weeks.

25. PCOM and Manago are liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime and straight time wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420

26. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

27. Plaintiff was paid on an hourly basis and therefore did not fall within any of the exempt categories.

28. At all times relevant to this Complaint, PCOM and Manago were "employer[s]" of the Plaintiff within the meaning of the MWHL.

29. At all times relevant to this Complaint, Plaintiff was an "employee" of the PCOM and Manago within the meaning of the MWHL.

30. PCOM and Manago violated the MWHL by failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked in a single work week and by failing to pay her anything at all for her work hours above 40 in a single work week.

31. PCOM and Manago did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

32. Plaintiff is not able to calculate her damages because she is not in possession of any time records, payroll records or other records that would indicate the precise number of hours that she worked in the various work weeks.

33. As a result, PCOM and Manago are liable to Plaintiff pursuant to the MWHL for her unpaid and illegally withheld overtime wages and straight time wages, an additional equal amount as liquidated damages and litigation costs and reasonable attorneys' fees.

## COUNT III
## VIOLATIONS OF THE MWPCL
## Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

34. Plaintiff repeats and incorporates by reference all allegations set forth above.

35. At all times relevant to this Complaint, PCOM and Manago were "employer[s]" of the Plaintiff within the meaning of the MWPCL.

36. At all times relevant to this Complaint, Plaintiff was an "employee" of the PCOM Manago and within the meaning of the MWPCL.

37. PCOM and Manago knowingly, willfully and intentionally violated Plaintiff's rights under the MWPCL by failing to pay Plaintiff her overtime wages and by failing to pay her anything at all for her work hours above 40 in a single work week.

38. PCOM's and Manago's unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

39. Plaintiff is not able to calculate her damages because she is not in possession of any time records, payroll records or other records that would indicate the precise number of hours that she worked in the various work weeks.

40. PCOM and Manago are liable to Plaintiff pursuant to the MWPCL for the aforementioned wages, an additional amount equal to double the unpaid wages as liquidated damages and litigation costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a) enter a judgment against PCOM and Manago, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld overtime and straight time wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b) enter a judgment against PCOM and Manago, jointly and severally, and in favor of Plaintiff, based on PCOM's and Manago's violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime and straight time wages along with a sum equal to the amount of the unpaid wages as liquidated damages;

c) enter a judgment against PCOM and Manago, jointly and severally, and in favor of Plaintiff, based on PCOM's and Manago's violations of the MWPCL in the amount of Plaintiff's unpaid overtime and straight time wages along with an amount equal to twice the unpaid wages as liquidated damages; and

d) award Plaintiff her litigation costs and reasonable attorneys' fees incurred in this action as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy,
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*

10