IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| KURLINE ALTES, | * |
| Plaintiff | * |
| v. | * |
|   | CIVIL NO. JKB-23-1033 |
| THE PRIDE CENTER OF MARYLAND, INC., et al., | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Before the Court is Plaintiff Kurline Altes's Motion for Default Judgment against both Defendants in this case: The Pride Center of Maryland, Inc. ("PCOM"), and its CEO, Dr. Cleo Manago. (ECF No. 12.) Defendants have failed to file a response to Plaintiff's Motion or to otherwise defend this action. No hearing is necessary to resolve Plaintiff's Motion. *See* Local Rule 105.6 (D. Md. 2023); Fed. R. Civ. P. 55(b). For the reasons set forth below, Plaintiff's Motion for Default Judgment will be granted in part and denied in part.

I.  *Factual Background[1] and Procedural History*

Plaintiff is an adult resident of Maryland who began working for PCOM on January 24, 2023. (Compl., ECF No. 1, ¶ 1.) PCOM is a not-for-profit corporation operating in Maryland that receives grants from various state and federal agencies to provide testing for acquired immune deficiency syndrome ("AIDS") and substance abuse counseling. (*Id.* ¶¶ 3, 4). Defendant Manago

---

[1] Defendants, "by [their] default, admit[] the plaintiff's well-pleaded allegations of fact[.]" *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Accordingly, the Court accepts as true the well-pleaded facts alleged in the Complaint.

is the Chief Executive Officer ("CEO") of PCOM and "is responsible for creating and enforcing, through lower-level managers, PCOM's policies and procedures governing employee pay and benefits[.]" (*Id.* ¶ 5.) While working for PCOM, Plaintiff was assigned various duties, including supervising staff, contacting clients, entering data, advertising PCOM's events, attending meetings, training volunteers, and soliciting donations from out-of-state entities. (*Id.* ¶¶ 2, 10.)

PCOM classified Plaintiff as an "independent contractor" and paid her an hourly wage of $25. (*Id.* ¶¶ 8–9.) Plaintiff's "core" working hours were from 9:00 a.m. to 5:00 p.m. (*Id.* ¶ 14.) However, Plaintiff "never took a lunch break" and often worked before 9:00 a.m., after 5:00 p.m., and on weekends. (*Id.*) Plaintiff alleges that Manago and other PCOM employees knew that Plaintiff was "working beyond her core hours and more than 40 hours in a workweek." (*Id.* ¶ 9.) But Plaintiff was not paid any wages for working more than 40 hours during certain weeks. (*Id.*) PCOM terminated Plaintiff on April 12, 2023. (*Id.* ¶ 1.)

Plaintiff commenced this action on April 18, 2023. (*See generally id.*) Plaintiff asserts claims against both Defendants for past-due overtime and straight-time wages under: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 (Count I); (2) the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-431 (Count II); and (3) the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509 (Count III). (*See id.* ¶¶ 16–40.) As relief, Plaintiff seeks "a judgment against PCOM and Manago, jointly and severally," for "unpaid and illegally withheld overtime and straight time wages along with a sum equal to the amount of the unpaid wages as liquidated damages" pursuant to the FLSA, the MWHL, and the MWPCL. (*Id.* Prayer for Relief.) Plaintiff also requests attorney's fees and costs. (*See id.*)

After Defendants failed to answer the Complaint or to otherwise defend this action, default

2

was entered against both Defendants on May 23, 2023. (ECF No. 7.) Plaintiff filed the instant Motion for Default Judgment on July 28, 2023. (ECF No. 12.) In her Motion, Plaintiff requests: (1) $11,143.75 in unpaid overtime and straight-time wages; (2) an additional $11,143.75 in liquidated damages under the FLSA; and (3) an additional $11,143.75 in liquidated damages under the MWPCL. (ECF No. 12-1 at 13.) The Motion is accompanied by a Declaration in which Plaintiff provides a breakdown of her uncompensated straight-time and overtime hours. (ECF Nos. 12-2, 12-4.) Plaintiff also states that she intends to file a "motion for attorneys' fees and costs within 14 days of the date the Court enters judgment in her favor." (ECF No. 12 at 1.)

## II. *Legal Standard*

After an entry of default under Rule 55(a), a party may move for default judgment. Fed. R. Civ. P. 55(b)(2). However, the entry of default against a defendant does not alone entitle a plaintiff to judgment as of right:

> The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . [but] is not held . . . to admit conclusions of law. In short, . . . a default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover. The court must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought in [the] action.

*Ryan*, 253 F.3d at 780 (citations omitted). "In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are 'well-pleaded.'" *Vasquez-Padilla v. Medco Props., LLC*, Civ. No. PX-16-3740, 2017 WL 4747063, at *2 (D. Md. Oct. 20, 2017) (collecting cases). As such, "[w]here a complaint offers only 'labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement,' the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied." *Id.*

3

Default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citations omitted). However, "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *CapitalSource Fin., LLC v. Delco Oil, Inc.*, Civ. No. DKC-06-2706, 2010 WL 3733934, at *2 (D. Md. Sept. 20, 2010) (citation omitted). Indeed, "[u]nder modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2681 (4th ed. 2022).

### III.  Analysis

For the following reasons, Plaintiff's claims for: (1) unpaid straight-time wages under the FLSA, the MWHL, and the MWPCL; and (2) unpaid overtime wages under the FLSA and the MWHL, are not sufficiently well-pleaded to warrant default judgment under Rule 55(b). Plaintiff also fails to state a viable MWPCL overtime claim against Defendant Manago. Therefore, the Court must dismiss these claims. However, the Complaint's well-pleaded allegations adequately support Plaintiff's MWPCL overtime claim against PCOM. Accordingly, Plaintiff's Motion for Default Judgment will be granted as to that claim and the Court will award damages based upon Plaintiff's uncompensated overtime wages but will decline to award enhanced statutory damages.

#### A.  *FLSA, MWHL, and MWPCL Straight-Time Wage Claims*

As an initial matter, Plaintiff cannot prevail on her claims for unpaid straight-time wages because she fails to allege in the Complaint that Defendants did not compensate her for these wages. Under the FLSA and the MWHL, an employee may recover unpaid straight-time wages from an employer in certain circumstances. *See Conner v. Cleveland Cnty.*, 22 F.4th 412, 421 (4th Cir. 2022) (explaining that claims for unpaid straight-time wages are cognizable in certain

4

circumstances under the FLSA), *cert. denied sub nom. Cleveland Cnty. v. Conner*, 143 S. Ct. 523 (2022); *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003) ("The requirements under the MWHL mirror those of the federal law; as such, [a claim] under the MWHL stands or falls on the success of [a] claim under the FLSA."). The MWPCL also provides a private right of action for the recovery of straight-time wages. *See* Md. Code. Ann., Lab. & Empl. §§ 3-505, 3-507.2.

In the Complaint, Plaintiff asserts that Defendants are liable for unpaid overtime and straight-time wages. (Compl. ¶¶ 25, 33, Prayer for Relief.) But while Plaintiff plausibly alleges that she worked overtime hours for which she was not compensated, (*see id.* ¶ 9 (alleging that Plaintiff was not paid "an overtime premium" or "anything at all for any additional hours over 40 which she worked")), she does not put forth any allegations regarding unpaid *straight-time* wages. Indeed, Plaintiff's Complaint appears to allege the opposite by stating that Plaintiff was paid "for 40 hours per week." (*Id.*) Because the Complaint offers only a "naked" assertion of Plaintiff's entitlement to unpaid straight-time wages, devoid of factual support, Plaintiff cannot prevail on her claims for unpaid straight-time wages. *See Zuffa, LLC v. Ferrell*, Civ. No. PX-20-0273, 2021 WL 2315458, at *2 (D. Md. June 7, 2021) ("Where a complaint offers only . . . 'naked assertion[s] devoid of further factual enhancement,' the allegations are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied.") (citations omitted).

Plaintiff testifies in the Declaration attached to her Motion for Default Judgment that Defendants failed to compensate her for the straight-time wages she earned in her eleventh and twelfth weeks of work. (*See* ECF No. 12-2 ¶ 35.) But this testimony is irrelevant to determining whether Plaintiff is entitled to default judgment on her straight-time wage claims. Rather, the Court must "determine whether the well-pleaded allegations in [the] *complaint* support the relief

sought in [the] action." *Ryan*, 253 F.3d at 780 (emphasis added). "When considering whether [a] complaint states a claim for relief sufficient to survive the *Twiqbal* inquiry, the Court looks solely to the complaint and any attachments thereto—it does not look to any information adduced or presented in later filings[.]" *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, Civ. No. 5:20-CV-269-H, 2021 WL 5883136, at *20 (N.D. Tex. Dec. 10, 2021) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 n.5 (5th Cir. 1975)). Accordingly, courts have denied motions for default judgment where factual allegations necessary to a plaintiff's claim are set forth outside, rather than within, the pleadings. *See, e.g., Williams v. Upright Constr., Inc.*, Civ. No. 3:09-CV-363-J-34JRK, 2010 WL 11623478, at *3 (M.D. Fla. June 8, 2010) (denying motion for default judgment on FLSA claim because "necessary factual allegations appear[ed] in the affidavit filed in support of" the plaintiff's motion, but not in the complaint); *Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-CV-81-OC-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) ("By asserting these new facts . . . in their motion for default judgment and Affidavit, Plaintiffs are effectively (and impermissibly) attempting to amend their Complaint.").

Accordingly, the Court denies Plaintiff's Motion for Default Judgment with regard to her FLSA, MWHL, and MWPCL straight-time wage claims and dismisses these claims. *See Living Legends Awards for Serv. to Humanity, Inc. v. Human Symphony Found., Inc.*, Civ. No. PX-16-3094, 2017 WL 3868586, at *5 (D. Md. Sept. 5, 2017) (granting-in-part and denying-in-part motion for default judgment and dismissing claim that was not adequately pleaded).

### B. FLSA and MWHL Overtime Claims

Plaintiff's FLSA and MWHL overtime claims fare no better. To prevail on an FLSA or MWHL overtime claim, a plaintiff must establish that: (1) she was employed by the defendant; (2) she worked overtime hours for which she was not compensated; and (3) the defendant had

6

knowledge of the overtime hours she worked. *See Hunt v. Constantine Com. Constr.*, Civ. No. TDC-20-1846, 2023 WL 2744491, at *5 (D. Md. Mar. 31, 2023) (citing *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986); *Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996)).

Plaintiff cannot prevail on her FLSA and MWHL overtime claims because she fails to plausibly allege that Defendants had knowledge of any overtime hours she worked. *See Davis*, 792 F.2d at 1276. Plaintiff asserts, without supplying further factual elaboration in the Complaint, that Defendants knew that Plaintiff worked more than 40 hours during certain weeks. (Compl. ¶¶ 9, 15.) However, this "naked" assertion does not entitle Plaintiff to relief. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Because the Complaint supplies only a "formulaic recitation" of the knowledge requirement under the FLSA and the MWHL, the Complaint fails to state a viable overtime claim under either statute.[2] *See Twombly*, 550 U.S. at 555. As such, the Court denies Plaintiff's Motion with respect to her FLSA and MWHL overtime claims and dismisses these claims.

### C.    *MWPCL Overtime Claim*

Having dismissed Plaintiff's claims for straight-time wages under the FLSA, the MWHL, and the MWPCL, as well as Plaintiff's FLSA and MWHL overtime claims, the Court turns to Plaintiff's sole remaining claim—a state-law claim for overtime pay under the MWPCL. (*See* Compl. ¶¶ 34–40.) Although the Court has original jurisdiction over Plaintiff's FLSA claim, *see*

---

[2] Moreover, the Complaint's insufficiency cannot be cured by facts which Plaintiff alleges in the Declaration attached to her Motion for Default Judgment. (*See* ECF No. 12-1 at 10–11.) In her Motion, Plaintiff argues that she "has . . . demonstrated that Defendants had actual or constructive knowledge" of uncompensated overtime hours because Plaintiff testified in her Declaration that she "repeatedly complained about not receiving any compensation for her overtime hours[.]" (*Id.* at 10.) But, as discussed above, the Court's default judgment analysis is confined to "whether the well-pleaded allegations in [the] complaint support the relief sought in [the] action." *See Ryan*, 253 F.3d at 780. Accordingly, Plaintiff's reliance upon allegations set forth in her Declaration is unavailing.

28 U.S.C. § 1331, its dismissal of this claim requires the Court to consider whether the exercise of supplemental jurisdiction over Plaintiff's MWPCL overtime claim is appropriate. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In deciding whether to retain jurisdiction over state-law claims, district courts must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* Having considered these factors, the Court determines that: (1) convenience, fairness to the parties, and judicial economy will be best served by adjudicating all of Plaintiff's wage claims in a single action; and (2) issues of federal policy and comity are not implicated in this case. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's MWPCL claim.

The MWPCL provides a private right of action to recover wrongfully withheld wages and requires "each employer [to] pay an employee . . . all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Md. Code. Ann., Lab. & Empl. §§ 3-505, 3-507.2. The statute defines a "[w]age" as "all compensation that is due to an employee for employment," including "overtime wages." *Id.* § 3-501. Under the MWPCL, an "[e]mployer" is "any person who employs an individual in the State or a successor of the person."[3] *Id.; see also id.* § 3-101 (defining the term "[e]mploy" as meaning "to engage an

---

[3] Unlike the MWHL, "the MWPCL was not intended to be the Maryland equivalent of the FLSA." *Watkins v. Brown*, 173 F. Supp. 2d 409, 416 (D. Md. 2001). As such, the MWPCL applies a definition of the term "employer" which is "more restrictive" than the "expansive" definition set forth in the FLSA and the MWHL. *Id.*

8

individual to work" and as including: (1) "allowing an individual to work" and (2) "instructing an individual to be present at a work site.").

"Courts analyzing the MWPCL have rejected any interpretation [of the term 'employer'] that would encompass supervisors, officers, or other agents acting on behalf of the corporate employer." *Odjaghian v. EngagePoint, Inc.*, Civ. No. JKB-18-0151, 2018 WL 3329617, at *7 (D. Md. July 6, 2018) (holding that a CEO was not an "employer" under the MWPCL because the CEO was not "involved in payment of [the plaintiffs'] wages"), *aff'd sub nom. Odjaghian v. HHS Tech. Grp., LLC*, 848 F. App'x 534 (4th Cir. 2021); *see Watkins v. Brown*, 173 F. Supp. 2d 409, 415–16 (D. Md. 2001) ("The plain language, general purpose and clear intent of the MWPCL do not support an interpretation of the word 'employer' that would include a mere supervisor of another employee.").

Governed by these standards and accepting as true the well-pleaded facts in the Complaint, the Court determines that Plaintiff fails to state a viable MWPCL overtime claim against Defendant Manago. Although Plaintiff alleges that Manago served as PCOM's CEO, supervised Plaintiff, and was involved in approving PCOM's "policies and procedures governing employee pay and benefits," (*see* Compl. ¶ 5), she does not allege that Manago was involved in, or responsible for, the payment of wages to PCOM's employees. Nor does she allege that Manago, rather than PCOM, contracted with Plaintiff for services in exchange for the payment of wages. Accordingly, Plaintiff fails to plausibly allege that Manago was an "employer" under the MWPCL, and the Court must therefore dismiss Plaintiff's MWPCL overtime claim against Manago and deny Plaintiff's Motion as to this claim.

Plaintiff fares better, however, in alleging a plausible MWPCL overtime claim against PCOM. To determine whether a plaintiff and defendant share an employee/employer relationship

under the MWPCL, courts apply a four-part "economic reality test." *Pinnacle Grp., LLC v. Kelly*, 178 A.3d 581, 603 (Md. Ct. Spec. App. 2018). Under this test, courts consider "whether the alleged employer[:] (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* (quoting *Campusano v. Lusitano Constr. LLC*, 56 A.3d 303, 309 (Md. Ct. Spec. App. 2012)); *see also Pinsky v. Pikesville Rec. Council*, 78 A.3d 471, 493 (Md. 2013) (recognizing that the test applies to both persons and entities). The factors are "not to be applied mechanistically, and . . . must be understood as ultimately assigning *responsibility* under the law." *Campusano*, 56 A.3d at 310 (emphasis in original).

The Complaint's allegations against PCOM easily satisfy the MWPCL's requirements. Plaintiff alleges that PCOM hired and fired her, set her pay rate, set the "terms and conditions of her employment," set her schedule, "directed her in the performance of her work," maintained her employment records, and paid her wages. (Compl. ¶ 3.) Therefore, Plaintiff plausibly alleges that she shared an employee/employer relationship with PCOM pursuant to the MWPCL.[4] *See Pinnacle Grp.*, 178 A.3d at 603. As Plaintiff further alleges that PCOM failed to compensate her for work that she performed before her termination, (*see* Compl. ¶¶ 9, 37), she also plausibly alleges an MWPCL overtime claim against PCOM. *See* Md. Code. Ann., Lab. & Empl. § 3-505. Accordingly, the Court grants Plaintiff's Motion for Default Judgment as to this claim.

### D. Damages

Having assessed PCOM's liability, the Court turns to its consideration of the proper calculation of damages in this matter. "Upon default, the well-pled allegations in a complaint as

---

[4] The fact that PCOM classified Plaintiff "as an independent contractor" does not alter the Court's conclusion. (Compl. ¶ 8.) "[A]n employer cannot avoid . . . MWPCL liability by labeling its employee as an independent contractor." *Etienne v. Ameri Benz Auto Serv. LLC*, Civ. No. PWG-14-2800, 2016 WL 1222569, at *4 (D. Md. Mar. 29, 2016).

10

to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. "[T]he Court may award damages without a hearing, but only if the record supports the damages requested." *Clancy v. Skyline Grill, LLC*, Civ. No. ELH-12-1598, 2012 WL 5409733, at *5 (D. Md. Nov. 5, 2012), *report and recommendation adopted*, 2013 WL 625344 (D. Md. Feb. 19, 2013).

In the Declaration attached to her Motion for Default Judgment, Plaintiff credibly testifies as to the uncompensated overtime hours she worked during her employment with PCOM. (*See* ECF No. 12-2 ¶¶ 18–35.) Accordingly, the Court will award damages without a hearing and rely on Plaintiff's Declaration for the purpose of calculating damages. *See Donovan v. Kentwood Dev. Co.*, 549 F. Supp. 480, 485 (D. Md. 1982) ("A prima facie case can be made through an employee's testimony giving his recollection of hours worked, . . . [even if] proof of the number of hours worked is inexact or not perfectly accurate."); *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 797–801 (D. Md. 2010) (awarding unpaid wages on default judgment based upon a plaintiff's "credibl[e]" affidavit).

### *1. Damages for Unpaid Overtime Wages*

In her Declaration, Plaintiff testifies that: (1) she worked 28.5 uncompensated overtime hours during her first two weeks of employment; (2) she worked 51 uncompensated overtime hours during her third and fourth weeks of employment; (3) she worked 50.5 uncompensated overtime hours during her fifth and sixth weeks of employment; (4) she worked 50.5 uncompensated overtime hours during her seventh and eighth weeks of employment; (5) she worked 51 uncompensated overtime hours during her ninth and tenth weeks of employment; and (6) she worked 20 uncompensated overtime hours during her eleventh week of employment. (*See* ECF No. 12-2 ¶¶ 30–35.) Plaintiff further testifies that she was paid at the hourly rate of $25 while

employed by PCOM. (*Id.* ¶ 18.) Accepting this testimony regarding unpaid overtime wages as credible,[5] and applying a premium rate for overtime hours worked,[6] the Court determines that Plaintiff is entitled to $9,431.25[7] as compensation for unpaid overtime wages under the MWPCL.

### 2. *Enhanced Damages*

Plaintiff also requests enhanced damages under the MWPCL. (*See* Compl. Prayer for Relief; ECF No. 12-1 at 12–13.) In addition to requiring an employer to compensate an employee for past-due wages, the MWPCL permits a court to "award the employee an amount not exceeding 3 times the wage" if the court "finds that an employer withheld the wage of an employee in violation of [the MWPCL] and not as a result of a bona fide dispute." Md. Code. Ann., Lab. & Empl. § 3-507.2(b); *see also Admiral Mortg., Inc. v. Cooper*, 745 A.2d 1026, 1033 (Md. 2000) ("[T]he amount that may be awarded is flexible, from zero up to three times the wage."). A "bona fide dispute" is "a legitimate dispute over the validity of the claim or the amount that is owing." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 627 (Md. 2014). Under the MWPCL, an employer carries the burden of establishing the existence of a bona fide dispute. *See id.* at 628. If

---

[5] As discussed above, Plaintiff's Complaint fails to plausibly allege a straight-time wage violation. As such, the Court's calculation of damages does not take Plaintiff's testimony regarding unpaid straight-time wages into consideration.

[6] Consistent with the relief requested in the Complaint, the Court calculates Plaintiff's overtime wages at the "premium" rate of 1.5 times her hourly wage. (*See* Compl. ¶ 9.) Unlike the MWHL, the MWPCL does not identify a formula for calculating overtime wages. *Compare* Md. Code Ann., Lab. & Empl. § 3-415(a) (specifying that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage"), *with id.* § 3-501 (including "overtime wages" within the definition of "[w]age" but not specifying how overtime wages are computed). Nonetheless, computation of overtime wages at a rate of 1.5 times the hourly wage is "the general rule for overtime compensation under Maryland law." *Poe v. IESI MD Corp.*, 220 A.3d 333, 335 (Md. Ct. Spec. App. 2019); *accord* Md. Code Regs. 09.12.41.14 (2023) ("Compensation for hours worked in excess of 40 hours per workweek is computed at 1-1/2 times the regular hourly rate at which the employee is employed."); *Guerra v. Teixeira*, Civ. No. TDC-16-0618, 2019 WL 330871, at *15 (D. Md. Jan. 25, 2019) ("The FLSA, MWHL, and MWPCL all allow plaintiffs to recover unpaid overtime at a rate of 1.5 times the usual hourly wage . . . .").

[7] To arrive at this figure, the Court multiplies the total number of unpaid overtime hours (251.5 hours) by 37.5 (Plaintiff's hourly wage of $25 multiplied by 1.5).

the Court determines "that wages were withheld without a bona fide dispute," then the Court is permitted to "exercise [its] discretion" regarding "whether and in what amount to award a plaintiff employee enhanced damages." *Id.* at 630. Maryland's highest court has provided the following guidance for how courts should exercise this discretion:

> [T]he treble damages option was included in the statute for a remedial purpose—to cure what the Legislature saw as a problem with "wage theft,"[8] and practical difficulties that employees had in bringing lawsuits to recover wages owed. As we explained in *Battaglia*, the [M]WPCL provides a greater incentive for employers to pay employees the amounts owed them, in full. Thus, we feel confident that we are not departing from the statutory language if we simply say that trial courts are encouraged to consider the remedial purpose of the [M]WPCL when deciding whether to award enhanced damages to employees.

*Id.* (internal citations omitted). Additionally, Maryland's highest court has noted that enhanced damages may be awarded under the MWPCL "to compensate for" the "significant consequences" a plaintiff may face "from being unable to meet their own weekly or monthly obligations, ranging from embarrassment, to late charges, to repossessions, eviction, and, if the employee is responsible for child support, the prospect of coercive court proceedings and the loss of various licenses and privileges." *Admiral Mortg., Inc.*, 745 A.2d at 1034–35.

The Court determines that enhanced MWPCL damages are not warranted here. In her Motion, Plaintiff offers only a brief argument in support of her request for enhanced MWPCL damages: "In this case there was no bona fide dispute. Defendant[s] promised to pay Plaintiff $25 per hour for her work and Defendants were required to pay her an overtime premium for overtime hours under the FLSA and the MWHL." (ECF No. 12-1 at 12–13.) The Court agrees with Plaintiff that Defendants have failed to establish the existence of a bona fide dispute due to their failure to participate in this litigation. *See Guzman v. Mahjoub*, Civ. No. PX-17-1591, 2019 WL 2233351,

---

[8] In a footnote, the court defined "wage theft" as "a short-hand term referring to an apparently widespread failure to pay workers their wages due and owing." *Peters*, 97 A.3d at 630 n.14.

at *4 (D. Md. May 23, 2019) ("Because Defendants have played no role in this case, they have failed to generate any bona fide dispute."). But the absence of a bona fide dispute, without more, does not entitle Plaintiff to enhanced MWPCL damages.[9] *See Peters*, 97 A.3d at 629–30.

More importantly, none of the factors relevant to enhanced damages are present in this case. Plaintiff does not suggest that she experienced any consequential losses because of PCOM's failure to pay wages. (*See generally* Compl.; ECF No. 12-1.) Additionally, Plaintiff's enhanced-damages request cannot be rationalized by a "widespread failure to pay workers their wages due and owing," *see Peters*, 97 A.3d at 630 n.14, because this case involves a single plaintiff and lacks allegations related to widespread wage-law violations at PCOM. Lastly, the "practical difficulties [of] bringing lawsuits" is an unpersuasive justification for awarding enhanced damages in this matter. *Id.* at 630. Plaintiff has not suggested that she encountered any such difficulties, and she has been able to obtain a favorable judgment less than half a year after commencing this case.[10] (*See* Compl. ¶ 1.) Moreover, while the Court acknowledges that Defendants have failed to appear, Plaintiff does not suggest that she experienced any hurdles in litigating this matter that were attributable to Defendants' absence. For these reasons, the Court declines to award enhanced damages and limits Plaintiff's damages to the unpaid overtime wages calculated above.[11]

---

[9] Plaintiff incorrectly asserts that a defendant "may avoid the liquidated damages provision of the MWPCL only by establishing the existence of a *bona fide* dispute as to the wages owed." (ECF No. 12-1 at 11–12.) However, Maryland's highest court has made clear that the use of the word "may" in the statute's damages provision means that "an employee is not presumptively entitled to enhanced damages, even if the court finds that wages were withheld without a bona fide dispute." *Peters*, 97 A.3d at 629–30.

[10] This Court previously awarded enhanced MWPCL damages due to "practical difficulties" in a case where a defendant "with[e]ld information required to be disclosed" to the plaintiffs, causing them "to go without their earnings for over two and a half years." *Skripchenko v. VIRxSYS Corp.*, Civ. No. TDC-13-0004, 2014 WL 4826788, at *12 (D. Md. Sept. 26, 2014). Such circumstances are not present here.

[11] As a final matter, the Court notes that Plaintiff has not complied with Local Rule 108.2(b), which requires a plaintiff seeking a default judgment to file "an affidavit stating whether the defendant is a minor, an incompetent person, or in military service, with supporting facts pursuant to 50 U.S.C. § 3931(b)(1)." Local Rule 108.2 (D. Md. 2023). The record before the Court does not suggest that Defendant Manago is

### *IV. Conclusion*

For the foregoing reasons, a separate Order shall issue granting in part and denying in part Plaintiff's Motion for Default Judgment as set forth above. (ECF No. 12.) Plaintiff shall be directed to file any motion for attorney's fees and/or costs within 14 days of the Court's Order.

DATED this _19_ day of September, 2023.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge

---

incompetent, a minor, or in military service. Accordingly, the Court excuses Plaintiff's noncompliance with Local Rule 108.2(b) on this occasion. The Court notes, however, that default judgments are voidable when entered against minors, incompetent persons, and active servicemembers who are not represented by counsel. *See* 50 U.S.C. § 3931; *Perez-Cruz v. Estate of Fernandez-Martinez*, 645 F. Supp. 1253, 1254 (D.P.R. 1986) (noting that a default judgment was "voidable because it was unlawfully entered . . . against an incompetent defendant and two minor defendants"). Plaintiff is expected to comply with this Court's Local Rules in all future filings.