IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| KURLINE ALTES, | * |  |
| Plaintiff | * |  |
| v. | * |  |
|  | * | CIVIL NO. JKB-23-1033 |
| THE PRIDE CENTER | * |  |
| OF MARYLAND, INC., | * |  |
| Defendant | * |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Before the Court is Plaintiff Kurline Altes's Motion to Vacate Default Judgment and for Leave to File and Personally Serve a First Amended Complaint. (ECF No. 15.) Defendant, The Pride Center of Maryland, Inc. ("PCOM"), has failed to respond to Plaintiff's Motion or to otherwise defend this action. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

### I.   *Factual Background and Procedural History*

Plaintiff is a resident of Maryland who began working for PCOM on January 24, 2023. (Compl., ECF No. 1, ¶ 1.) PCOM is a not-for-profit corporation operating in Maryland that receives grants from various state and federal agencies to provide testing for acquired immune deficiency syndrome ("AIDS") and substance abuse counseling. (*Id.* ¶¶ 3, 4). Cleo Manago[1] is the Chief Executive Officer of PCOM and "is responsible for creating and enforcing, through lower-level managers, PCOM's policies and procedures governing employee pay and benefits[.]"

---

[1] The Court dismissed all claims against Cleo Manago on September 19, 2023. (ECF No. 14.)

(*Id.* ¶ 5.) While working for PCOM, Plaintiff was assigned various duties, including supervising staff, contacting clients, entering data, advertising PCOM's events, attending meetings, training volunteers, and soliciting donations from out-of-state entities. (*Id.* ¶¶ 2, 10.)

PCOM classified Plaintiff as an "independent contractor" and paid her an hourly wage of $25. (*Id.* ¶¶ 8–9.) Plaintiff's "core" working hours were from 9:00 a.m. to 5:00 p.m. (*Id.* ¶ 14.) However, Plaintiff "never took a lunch break" and often worked before 9:00 a.m., after 5:00 p.m., and on weekends. (*Id.*) Plaintiff alleges that Manago and other PCOM employees knew that Plaintiff was "working beyond her core hours and more than 40 hours in a workweek." (*Id.* ¶ 9.) However, Plaintiff was not paid any wages for working more than forty hours during certain weeks. (*Id.*) PCOM terminated Plaintiff on April 12, 2023. (*Id.* ¶ 1.)

Plaintiff commenced this action on April 18, 2023, asserting claims against PCOM and Manago for past-due overtime and straight-time wages under: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 (Count I); (2) the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-431 (Count II); and (3) the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509 (Count III). (*See id.* ¶¶ 16–40.)

After PCOM and Manago failed to answer the Complaint or to otherwise defend this action, Plaintiff moved for default judgment. (ECF No. 12.) On September 19, 2023, the Court issued a Memorandum and Order granting in part and denying in part Plaintiff's Motion for Default Judgment. (ECF Nos. 13, 14.) Among other things, the Court held: (1) that Plaintiff failed to allege a claim for past-due straight-time wages under the FLSA, the MWHL, and the MWPCL; (2) that Plaintiff failed to state plausible FLSA and MWHL overtime claims because Plaintiff did not allege that Defendants knew about Plaintiff's overtime work; and (3) that Plaintiff failed to

state an MWPCL claim against Manago. (ECF No. 13 at 4–10.) Accordingly, the Court: (1) dismissed Plaintiff's FLSA and MWHL claims in their entirety; (2) dismissed Plaintiff's claim for past-due straight time wages under the MWPCL; and (3) dismissed Plaintiff's MWPCL claim against Manago. (ECF No. 14.)

On October 3, 2023, Plaintiff filed the instant Motion to Vacate Default Judgment and for Leave to File and Personally Serve a First Amended Complaint. (ECF No. 15.) Pursuant to Federal Rules 59(e) and 60(b), Plaintiff seeks vacatur of the Court's September 19, 2023 Order and leave to file a first amended complaint to "correct deficiencies . . . identified by the Court in its memorandum opinion[.]" (*Id.* at 1.) Plaintiff's proposed amended complaint asserts claims for past-due overtime and straight-time wages under: (1) the FLSA (Count I, asserted against both Defendants); (2) the MWHL (Count II, asserted against both Defendants); and (3) the MWPCL (Count III, asserted against Defendant PCOM). (ECF No. 15-2 ¶¶ 15–37.)

Specifically, Plaintiff seeks to revive her FLSA and MWHL claims through an amended pleading that "adds some new facts about Manago's employer status" and details Plaintiff's complaints to her supervisors regarding a lack of compensation for overtime work. (ECF No. 15 at 6.) Plaintiff also seeks to salvage her claims for unpaid straight-time wages by alleging in the proposed amended complaint that she was not paid any straight-time wages for her eleventh and twelfth weeks of work. (*Id.* at 5.) Plaintiff does not seek to reinstate her MWPCL claim against Manago. (*Id.* at 6.)

## II.    *Legal Standard*

A district court may not grant a post-judgment motion to amend the complaint "until judgment is set aside or vacated pursuant to [Federal Rule] 59(e) or 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) (quoting *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.

1985)). "To determine whether vacatur is warranted, however, the court need not concern itself

with either of those rules' legal standards. The court need only ask whether the amendment should

be granted, just as it would on a prejudgment motion to amend pursuant to [Federal Rule] 15(a)."

*Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). "In other words, a court

should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as

a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Id.*

(quoting *Laber*, 438 F.3d at 427); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th

Cir. 1986) (recognizing that, pursuant to Rule 15(a), "leave to amend a pleading should be denied

only when the amendment would be prejudicial to the opposing party, there has been bad faith on

the part of the moving party, or the amendment would be futile").

### III.    Analysis

For the following reasons, Plaintiff's proposed amended complaint is futile insofar as it

fails to state a viable FLSA or MWHL claim. However, Plaintiff persuasively argues that

amendment with respect to new factual allegations related to unpaid straight-time wages is

warranted. Accordingly, Plaintiff's Motion will be granted in part and denied in part.

#### A.    Proposed FLSA and MWHL Claims

The Court first considers whether Plaintiff may properly revive her FLSA and MWHL

claims by filing an amended complaint that alleges new facts to support these claims. The FLSA

"conditions liability on the existence of an employer-employee relationship, and the employee

bears the burden of alleging and proving the existence of that relationship." *Kerr v. Marshall

Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016). Accordingly, a plaintiff's status as a

defendant's employee is a "'substantive ingredient[]' of a meritorious FLSA claim[.]" *Gilbert v.

Freshbikes, LLC*, 32 F. Supp. 3d 594, 601 (D. Md. 2014) (citation omitted).

To determine "whether a person is an 'employee' under the FLSA, courts apply a test comprised of six factors identified by the U.S. Supreme Court in *United States v. Silk*, 331 U.S. 704 (1947), and utilized by the U.S. Court of Appeals for the Fourth Circuit in . . . subsequent cases." *Acevedo v. McCalla*, Civ. No. MJM-22-1157, 2023 WL 1070436, at *4 (D. Md. Jan. 27, 2023) (collecting cases). The six factors considered under the "*Silk* test" include:

> (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on [their] managerial skill; (3) the worker's investment in equipment or material, or [their] employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business.

*Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304–05 (4th Cir. 2006). Although a plaintiff "is not strictly obligated to plead facts relevant to every [*Silk*] factor," a plaintiff must "plead facts sufficient to raise his entitlement to relief under the FLSA 'above the speculative level.'" *Acevedo*, 2023 WL 1070436, at *5 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Governed by these standards, the Court determines that Plaintiff fails to plausibly allege that she acted as Defendants' employee pursuant to the FLSA. As an initial matter, Plaintiff alleges with reasonable clarity that the services she performed were an "integral part" of PCOM's business. *Schultz*, 466 F.3d at 305. Specifically, she alleges that PCOM's business involves AIDS testing and substance abuse counseling. (ECF No. 15-2 ¶ 4.) She further alleges that she "connect[ed] clients with resources and medical referrals" at a "Health and Cultural Center." (*Id.* ¶ 9.) Read in the light most favorable to Plaintiff, these allegations appear to satisfy the *Silk* test's sixth factor. *See Schultz*, 466 F.3d at 305.

However, the proposed pleading fails to either address or satisfy the remainder of the *Silk* factors. Regarding the first factor, Plaintiff alleges that PCOM "directed her in the performance of her work[.]" (ECF No. 15-2 ¶ 3.) But this assertion, without more, sheds no light on "the degree

of control that the alleged employer has *in comparison to* the control exerted by the worker." *See Schultz*, 466 F.3d at 305 (emphasis added). Plaintiff also alleges that Defendants set her work schedule. (ECF No. 15-2 ¶ 3.) However, this allegation is also an insufficient indicator of how much control Defendants exerted over Plaintiff's work. *See Acevedo*, 2023 WL 1070436, at *5 (dismissing FLSA claim where plaintiff alleged, without further factual enhancement, that defendants "supervised" her and "set [her] work schedule").

With respect to the permanence of Plaintiff's working relationship with Defendants, Plaintiff alleges a set of "core work hours" and details her hourly schedule over the course of twelve weeks. (ECF No. 15-2 ¶ 13.) However, the proposed pleading sheds no light on whether the parties intended such an arrangement to be temporary or ongoing. Indeed, PCOM is alleged to have ended its working relationship with Plaintiff after just three months. (*Id.* ¶ 1.) Accordingly, Plaintiff's allegations are insufficient to demonstrate her status as an employee. *Cf. Montoya v. S.C.C.P. Painting Contractors, Inc.*, 589 F. Supp. 2d 569, 581 (D. Md. 2008) (determining that permanence factor weighed in favor of plaintiffs where "time sheets cover[ed] various two-week time periods extending for approximately one year"). Lastly, the proposed amended complaint fails to satisfy the three remaining *Silk* factors because it fails to explain: (1) whether Plaintiff had opportunities for profit or loss dependent on skill; (2) whether she invested in materials or utilized help from other workers; and (3) the level of skill required to perform Plaintiff's work. (*See generally* ECF No. 15-2.)

In sum, the facts alleged in Plaintiff's proposed pleading satisfy only one of the six *Silk* factors. Plaintiff has therefore failed to plausibly allege that she acted as Defendants' employee as defined in the FLSA. *See Acevedo*, 2023 WL 1070436, at *4–5 (holding that a plaintiff did not plead sufficient facts to show he was an employee under the FLSA because the complaint "lack[ed]

factual content concerning most of the [*Silk*] factors"). Because FLSA liability is conditioned

upon this showing, the proposed amended complaint fails to state viable FLSA claims. *See id.* at

*5. As Plaintiff's proposed MWHL claim "stands or falls on the success of" her FLSA claim, it

too must fail. *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003).

Because the proposed amended complaint does not allege a viable cause of action under the FLSA

or the MWHL, the Court denies Plaintiff's Motion with respect to these claims on the basis that

the proposed amendments would be futile. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462,

471 (4th Cir. 2011).

### B.    *Proposed Allegations Regarding Straight-Time Wages*

Having denied Plaintiff's Motion insofar as it seeks to reinstate Plaintiff's FLSA and

MWHL claims, the Court next considers whether Plaintiff's straight-time wage claim against

Defendant PCOM may be salvaged. The Court previously dismissed Plaintiff's MWPCL straight-

time wage claims because Plaintiff failed to put forth any allegations regarding unpaid straight-

time wages in her Complaint. (ECF No. 13 at 5–6.) Plaintiff now seeks to rectify this issue by

introducing allegations that PCOM provided her "no pay at all" for two consecutive weeks, despite

Plaintiff having worked sixty hours during her eleventh week of work and 28.5 hours during her

twelfth week of work. (ECF Nos. 15 at 5; 15-2 ¶¶ 13, 34.)

Plaintiff sufficiently demonstrates that amendment is warranted with regard to these

straight-time wage allegations. First, Plaintiff's amendment would not be futile. The MWPCL

provides a private right of action to recover wrongfully withheld wages and requires "each

employer [to] pay an employee . . . all wages due for work that the employee performed before the

termination of employment, on or before the day on which the employee would have been paid

the wages if the employment had not been terminated." Md. Code. Ann., Lab. & Empl. §§ 3-505,

7

3-507.2. The statute defines wages as "all compensation that is due to an employee for employment," including overtime pay. *Id.* § 3-501. As the Court held in its September 19, 2023 Memorandum, Plaintiff has plausibly alleged: (1) that she shared an employee/employer relationship with PCOM pursuant to the MWPCL and (2) that PCOM failed to compensate her for certain overtime hours. (ECF No. 13 at 10.) Because the MWPCL encompasses claims for all past-due compensation, Plaintiff's proposed straight-time wage allegations would similarly support a cause of action for unpaid wages under the MWPCL.

The remaining factors relevant to the Court's analysis—bad faith and prejudice—also weigh in Plaintiff's favor. The Fourth Circuit has declined to "provide a comprehensive definition of . . . bad faith [because] it is a difficult term to define without retreating to circular reasoning or just listing examples." *United States ex rel. Nicholson v. Medcom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022). However, a court may presume bad faith where a party "withheld facts and evidence that he knew before filing the original [c]omplaint" or "waited years to amend the original [c]omplaint with additional facts." *Id.* at 199. Such is not the case here. Plaintiff's failure to allege the existence of unpaid straight-time wages in the original Complaint appears to have been a mere oversight and Plaintiff sought leave to file an amendment just two weeks after the Complaint was partially dismissed.

As a final matter, the Court determines that PCOM will not be prejudiced by this amendment. "[T]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant[.]" *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). Here, Plaintiff's case has not progressed beyond the pleading stage, which weighs in favor of permitting the amendment. *See id.* at 428 (determining that an amendment was not prejudicial even though "the case progressed to summary judgment" because "no significant

8

discovery" had been conducted).  Accordingly, the Court grants Plaintiff's Motion with respect to her proposed allegations regarding past-due straight-time wages.  *See Katyle*, 637 F.3d at 471.[2]

### IV.   Conclusion

For the foregoing reasons, a separate Order shall issue granting in part and denying in part Plaintiff's Motion as set forth above and vacating the Court's September 19, 2023 Order.

DATED this __11__ day of December, 2023.

BY THE COURT:

_James K. Bredar_

James K. Bredar
Chief Judge

---

[2] Plaintiff also requests "that the Court direct the clerk to issue new summonses." (ECF No. 15 at 2.)  She provides no explanation or legal basis for this request.  Moreover, PCOM was already served with a summons on April 20, 2023,  (ECF No. 4), and Plaintiff asserts no new claims against PCOM in the proposed amended complaint.  Such circumstances do not warrant the issuance of a new summons. *Cf. In re Kutrubis v. Bowman*, 486 B.R. 895, 900 (N.D. Ill. 2013) ("When a new or additional claim for relief is asserted against the same defendant, then a new summons must be served with the amended complaint.") (citing Fed. R. Civ. P. 5(a)(2)).  Accordingly, the Court will deny this request.