IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KURLINE ALTES, <br><br> Plaintiff, <br><br> v. <br><br> THE PRIDE CENTER <br> OF MARYLAND, INC., <br><br> Defendant | * <br> * <br> * <br> * <br> *     CIVIL NO. JKB-23-1033 <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is The Pride Center of Maryland, Inc.'s ("PCOM") unopposed Motion to Set Aside Entry of Default. (ECF No. 23.) For the reasons set forth below, the Motion will be granted.

Relevant to the instant Motion, the Clerk entered an Order Of Default against PCOM on May 23, 2023. (ECF No. 7.) The Court entered default judgment against PCOM in an Order dated September 19, 2023. (ECF No. 13.) On December 11, 2023, the Court vacated its entry of default judgment against PCOM and granted Plaintiff leave to amend the Complaint.[1] (ECF No. 20.) After receiving a copy of the Amended Complaint, PCOM filed the instant Motion on January 11, 2024. (ECF No. 23.)

In its Motion, PCOM asserts that its registered agent failed to inform PCOM of the service

---

[1] Pursuant to the Court's December 11, 2023 Order, the sole claim remaining in this case is a Maryland Wage Payment and Collection Law claim against PCOM; no claims remain against Cleo Manago. (ECF No. 20.)

of the original Complaint. (ECF No 23-1 at 1.) PCOM further avers that it acted promptly to defend this case after receiving the Amended Complaint.[2] (*Id.* at 2, 6.) PCOM requests that the Court set aside the May 23, 2023 Order of Default because an amended pleading renders an entry of default moot. (*Id.* at 2.) It also seeks leave to file an answer to the Amended Complaint. (*Id.* at 6.) A proposed answer is attached to the Motion. (ECF No. 23-3.) Plaintiff has filed a Notice of No Opposition to the Motion. (ECF No. 24.)

The Court finds that the requested relief is warranted. "It is well settled that an amended pleading supersedes the original, and [that] motions directed at superseded pleadings [may] be denied as moot." *Anselme v. Griffin*, Civ. No. 3:20CV00005, 2021 WL 2152512, at *3 (W.D. Va. May 26, 2021) (brackets in original). "Consistent with this principle, district courts in [this and] other circuits routinely have vacated or set aside 'as moot' a defendant's default on a prior, superseded complaint once the . . . amended complaint is the operative pleading[.]" *Id.* (collecting cases). Accordingly, and because Plaintiff offers no objection, the Court will vacate the Order of Default and permit PCOM to answer the single claim remaining in this case.

Accordingly, it is ORDERED that:

1. The Motion to Set Aside Entry of Default (ECF No. 23) is GRANTED; and
2. The Order of Default dated May 23, 2023 (ECF No. 7) is VACATED.

DATED this _22_ day of January, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge

---

[2] PCOM does not argue that service of the Complaint or the Amended Complaint was improper. (*See generally* ECF No. 23-1.)

2