UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KURLINE ALTES,                          *

     Plaintiff,                      *

v.                                      *          Civil Action No. EA-23-1033

THE PRIDE CENTER OF MARYLAND,           *
INC.,
                                        *
     Defendant.
                                        *

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant The Pride Center of Maryland, Inc.'s (PCOM) unopposed motion to seal (ECF No. 63). For the reasons set forth below, that motion is denied.

## I.  BACKGROUND

Plaintiff Kurline Altes initiated this action on April 18, 2023, seeking damages for alleged violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, and related violations of Maryland law. ECF No. 1. The undersigned held a settlement conference with the parties on November 14, 2024, at which time the parties reached an agreement to resolve the case. ECF No. 54. Thereafter, the parties consented to having a United States Magistrate Judge conduct all further proceedings in this action (ECF Nos. 55–58, 60) and jointly filed a motion for approval of the settlement (ECF No. 61). PCOM also filed an unopposed motion to seal (ECF No. 63) Exhibit A to the joint motion for settlement approval (ECF No. 67), which is the parties' fully executed settlement agreement. As grounds for filing the settlement agreement under seal, PCOM asserted that notwithstanding the fact that the FLSA "requires court approval of a settlement . . . ordinarily such a Settlement Agreement would be a confidential agreement between the parties." ECF No. 63 ¶ 2. PCOM further asserted that

"Defendant's position is that the Settlement Agreement should remain confidential; Plaintiff has indicated that she does not oppose Defendant's motion to file the Settlement Agreement under seal." *Id.* Finally, PCOM noted that the undersigned had requested that the settlement agreement be submitted under seal. *Id.* at ¶ 4.

On January 7, 2025, the undersigned granted the joint motion for settlement approval and granted the parties seven days to supplement the motion to seal given that a review of the settlement agreement did not reveal any sensitive or confidential information within that document and confidentiality of the terms of settlement did not appear to be part of the parties' agreement. ECF Nos. 68–69. On January 17, 2025, PCOM filed a supplement to the pending motion to seal. ECF No. 70. In this supplement, PCOM indicated that it "remains deeply concerned" about the potential for public access to the parties' settlement agreement because PCOM "has good reason to believe that making such a document publicly available will lead to the initiation of similar litigation against it in order to obtain similar settlement terms." *Id.* at ¶ 6. Alternatively, PCOM asked to withdraw Exhibit A to the joint motion for settlement approval (ECF No. 67) so that the settlement agreement is not part of the Court's records. *Id.* at ¶ 8. PCOM also indicated in its filing that judicial approval of the settlement agreement should "remain intact." *Id.* at 3.[1]

## II.    DISCUSSION

The public's right of access to the courts and court records is paramount. "Transparency is not only important for its own sake. It is integrally linked to the need of courts to maintain public trust." *Doe* v. *Sidar*, 93 F.4th 241, 250 (4th Cir. 2024) (Wilkinson, J., concurring); *see*

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

*also Doe* v. *Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (observing that "public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary."). This important right "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Public Citizen*, 749 F.3d at 265. Key to the Court's analysis is the source of the right of public access, for "the strength of the right of access varies depending on whether the public's right of access to the document or proceeding derives from the common law or the First Amendment." *United States* v. *Doe*, 962 F.3d 139, 145 (4th Cir. 2020). Under the common law, the "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "Under the First Amendment, on the other hand, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.*

"[T]he common law right of access to judicial records and documents is implicated in a motion to file an FLSA settlement agreement under seal." *Baker* v. *Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 943 (E.D. Va. 2011); *see also Miles* v. *Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 622 (E.D. Va. 2011) (suggesting, without deciding, that the First Amendment right of access may be applicable to judicial approval of an FLSA settlement agreement because it results in a final resolution of claims and thus is "akin to a summary judgment motion"). Unlike other settlement agreements, FLSA settlement agreements "are not exclusively private transactions," *Baker*, 818 F. Supp. 2d at 943, because "FLSA settlement requires approval of either the Department of Labor or a court," *Kianpour* v. *Rest. Zone, Inc.*, Civil Action No. DKC-11-0802, 2011 WL 3880463, at *1 (D. Md. Aug. 30, 2011). Moreover, FLSA settlements "receive heightened review because federal courts are charged with the responsibility of scrutinizing

FLSA settlements for fairness." *Baker*, 818 F. Supp. 2d at 943 (citing *Lynn's Food Stores, Inc.* v. *United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

"Although judicial approval of FLSA settlements is an important step in ensuring that the statute's terms and purposes are not frustrated by private agreements, the public's right of access to judicial records regarding such approval adds an additional, important safeguard in this respect." *Miles*, 799 F. Supp. 2d at 623; *see also Baker*, 818 F. Supp. 2d at 943 ("Put simply, the public has an interest in determining whether the Court is properly fulfilling its duties when it approves an FLSA settlement agreement.").  "Of course, the public cannot meaningfully review a court's decision to approve a settlement if the public does not have access to the terms of the settlement itself." *Miles*, 799 F. Supp. 2d at 623.

"Thus, there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Monzon* v. *Gali Serv. Indus., Inc.*, Civil Action No. DKC-15-0286, 2015 WL 1650167, at *3 (D. Md. Apr. 13, 2015) (internal quotation marks and citations omitted).  "As a result, a court should not allow a FLSA settlement agreement to be filed under seal except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents." *Carpenter* v. *Colonial Mgmt. Grp., LP*, Civil Action No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012) (internal quotation marks and citation omitted).

Here, PCOM's desire for confidentiality of the terms of settlement and the parties' agreement to file the FLSA settlement agreement under seal fall short of the required showing. *E.g.*, *Topiwala* v. *Wessell*, Civil Action No. WDQ-11-0543, 2014 WL 2574504, at *3 (D. Md. June 5, 2014) ("[A] generalized interest in confidential settlements—without more—is

insufficient to rebut the common law presumption of public access."); *Miles*, 799 F. Supp. 2d at 624 ("[G]iven the benefits of transparency in FLSA enforcement, courts should not abandon transparency simply because the parties are willing to do so."). Indeed, courts have refused to seal FLSA settlement agreements even when such agreements contain an express confidentiality provision. *E.g.*, *Carpenter*, 2012 WL 2992490, at *2; *Baker*, 818 F. Supp. 2d 940, 944.

PCOM's generalized concern regarding the potential for future litigation is similarly unavailing. *E.g.*, *Fonseka* v. *AlfredHouse ElderCare, Inc.*, Civil Action No. GJH-14-3498, 2015 WL 3457224, at *2 (D. Md. May 28, 2015) ("[C]ourts have found that 'fear of copycat suits' is insufficient to overcome the presumption of openness.") (collecting cases); *Kianpour*, 2011 WL 3880463, at *2 (denying a motion to seal an FLSA settlement agreement based on "Defendants' interest in 'protecting themselves from potentially being targeted for further litigation.'"); *see also Carpenter*, 2012 WL 2992490, at *2 (finding "concern[ ] with negative publicity or attention that could follow from having the terms of this settlement made public" inadequate to justify sealing).

As this Court has previously explained, "the FLSA does not guarantee the public access to settlement agreements," but when "an FLSA settlement is filed for the court's approval, the parties must provide sufficient reasons before the court will seal the settlement agreement." *Fonseka*, 2015 WL 3457224, at *1. Here, despite two opportunities to do so, PCOM has not put forward a justification for sealing that comports with Local Rule 105.11 (D. Md. 2023) and governing law. Local Rule 105.11 provides that if a motion to seal "is denied, the party making the filing will be given an opportunity to withdraw the materials." PCOM has made such a request. ECF No. 70 ¶ 8. However, PCOM has also requested that the judicial approval of the settlement agreement "remain intact." *Id.* at 3. What PCOM misapprehends is that these

requests are in tension.  As set forth herein, judicial approval of an FLSA settlement agreement is a judicial act to which the public right of access attaches.  *Fonseka*, 2015 WL 3457224, at *1; *Monzon*, 2015 WL 1650167 at *3.  PCOM cannot reap the benefit of that judicial act while shielding from public view the terms of the settlement without an adequate showing to support sealing.  Judicial approval of the settlement agreement in the absence of the terms of the agreement itself would deny the public access to the judicial process to which they are entitled and obstruct an important safeguard that protects both the statutory scheme and the exercise of judicial authority.  PCOM must therefore decide whether it privileges resolution of this case or confidentiality; the governing law and existing record do not support both.

## III.    CONCLUSION

In light of the foregoing, it is hereby ORDERED that PCOM's unopposed motion to seal (ECF No. 63) is DENIED.  Under the Local Rule 105.11 (D. Md. 2023), PCOM will be given fourteen (14) days to withdraw ECF No. 67.  If PCOM does not withdraw ECF No. 67 during that time period, it will be unsealed.  If PCOM elects to withdraw ECF No. 67, the Court will rescind its Order approving the settlement (ECF No. 66) and schedule a status conference to address further proceedings in this action.


Date:  January 23, 2025                       _____/s/_____
                                              Erin Aslan
                                              United States Magistrate Judge